# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

v.

**JAMES INGLE**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:16-mj-0025

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.   In Howard County, in the Southern District of Indiana the defendant did,

Count 1:   In or about March 4-5, 2015, INGLE used a computer and online network to receive child pornography, and conspire to do so, and attempt to do so, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).

Count 2:   Between on or about March 4-5, 2015 and on or about January 13, 2016, INGLE used a computer and online network to knowingly possess, and access with intent to view, child pornography, and conspired to do so, and attempted to do so, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

I further state that I am a Task Force Officer, and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

_____
TFO Donald Whitehead, FBI

**Sworn to before me, and subscribed in my presence**

January 14, 2016                         at   Indianapolis, Indiana
**Date**

Debra McVicker Lynch, U.S. Magistrate Judge
**Name and Title of Judicial Officer**                                    **Signature of Judicial Officer**

## **AFFIDAVIT**

I, Task Force Officer Donald Whitehead, having been first duly sworn, do hereby depose and state as follows:

1. **Affiant**: I have been employed as a police officer for 36 years. I retired in February of 2012 from the Kokomo Police Department after 27 ½ years of service and I am currently employed as an Investigator at the Howard County Prosecutor's Office. I have been assigned to the Indianapolis Violent Crimes Against Children Task Force, which includes crimes against children cases, for the past 4 years. As a Task Force Officer with the FBI, I have investigated federal criminal violations including crimes against children, child exploitation, and child pornography. I have participated in the investigation and prosecution of approximately 100 cases involving child exploitation or abuse. For approximately the past ten years, including my time with the Kokomo Police Department and a Task Force Officer with the FBI, I have attended multiple crimes against children conferences and have taken numerous courses relating to online sexual exploitation of children investigations. I am a member of the Indiana Internet Crimes Against Children ("ICAC") Task Force since approximately 2004, a task force whose work focuses on child exploitation cases and includes numerous federal, state, and local law enforcement agencies. I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law

enforcement officer, who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2252 and 2252A, and I am authorized by the Attorney General to request an Arrest Warrant and Criminal Complaint.

2.  **Requested action (Residence and Person)**: I make this affidavit in support of an application for an Arrest Warrant and Criminal Complaint charging **JAMES INGLE ("INGLE")**, DOB 1980, with the following criminal offenses:

3.  **Count 1**: In or about March 4-5, 2015, INGLE used a computer and online network to receive child pornography, and conspire to do so, and attempt to do so, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).

4.  **Count 2**: Between on or about March 4-5, 2015 and on or about January 13, 2016, INGLE used a computer and online network to knowingly possess, and access with intent to view, child pornography, and conspired to do so, and attempted to do so, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

5.  **INGLE** lived with his mother at residence in Kokomo, Indiana, who previse address is known to me (hereinafter the "SUBJECT PREMISES").

6.  **Information Provided:** The statements contained in this affidavit are based in part on: information provided by FBI Special Agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law enforcement agents; independent investigation

and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as a Task Force Officer (TFO) with the FBI. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested arrest warrant and criminal complaint, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the necessary foundation for the requested Arrest Warrant and Complaint.

7. 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) prohibits a person from knowingly receiving, distributing or conspiring to receive any child pornography or any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

8. 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) prohibits a person from knowingly possessing, or knowingly accessing with intent to view, or attempting to do so, any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

9. **INGLE** has been linked to an online community of individuals, who regularly send and receive child pornography via a website operating in an online network. The website will be referred to herein as "Website A." There is probable cause to believe that he knowingly received child pornography from Website A and other Internet sources. He also accessed child pornography with intent to view it from Website A.

10. Website A was a child pornography bulletin board and website dedicated to the advertisement, distribution, receipt and accessing of child pornography. The participants also discussed among themselves various matters pertinent to the sexual abuse of children and child pornography, including the safety and security of individuals who seek to sexually exploit children online.

11. After successfully registering and logging into the site, the user could access any number of sections, forums, and sub-forums. Some of the sections, forums, and sub-forums available to users included ones dedicated to child pornography, including material involving preteen and toddlers, and extreme behavior involving the use of feces in various sexual acts, watching someone defecating, or simply seeing the feces.

12. Website A also included a feature allowing users to upload links to child pornography files that were accessible to all other registered users.

13. **INGLE on Website A**: According to data obtained from logs on Website A, a person controlling Username 1 (redacted but know to me) engaged in the following activity on Website A. As described in further detail below, this

person was later identified as **INGLE**.

14. The profile page of this user indicated that they originally registered an account on Website A on March 4, 2015.

15. According to their profile, User name 1 was a "newbie" Member of Website A. Further, according to the Statistics section of this profile, User Name 1 was actively logged into the website for a total of 4 hours, 32 minutes, and 44 seconds, between the dates of March 4, 2015 and March 5, 2015.

16. According to data obtained from Website A, on March 4, 2015, User Name 1 engaged in the activity on Website A from IP address XX.XXX.XX.153 (redacted but known to me): During the session described below, logged into it Website A with a username and password> They then browsed Website A. The following are some examples of their activity.

17. On March 4, 2015, User Name 1 accessed a message posting in a subsection labeled to show an interest in preteen child pornography videos. This post contained hyperlinks to several images and .rar files.

18. On March 4, 2015, User Name 1 accessed a message posting containing a link to a child pornography image containing a collage of 12 images depicting close up views of the genitals and anus of a prepubescent female child. Her genitals appear to be covered in ejaculate.

19. On March 5, 2015, User Name 1 accessed a message posting containing a link to an image that was a collage of 25 images. These images depicted a prepubescent female child, who was sitting on the genitals of an adult male with an erect penis. In several photos the child is seen nude from

the waist down stimulating the adult's penis with her hands. Additionally, several images depicted the adult's penis in direct contact with the child's genitals.

20. Using publicly available websites, FBI Special Agents were able to determine that the above IP Address was operated by the Internet Service Provider ("ISP") AT&T.

21. In March 2015, an administrative subpoena/summons was served to AT&T requesting information related to the user was assigned to the above IP address at the relevant date and time. According to the information received from AT&T, an adult female was receiving such Internet service at SUBJECT PREMISES. The installation date of this service was March 16, 2013. Internet service was current as of February 10, 2015.

22. On or about January 13, 2016, the affiant and other federal, state and local law enforcement agents executed a federal search warrant at the SUBJECT PREMISES and encountered an adult female. **INGLE** was living there as well. Both were related. At that time, **INGLE** was interviewed by the affiant and Special Agent Andrew Willman of the FBI.

23. After waiving his Miranda rights, **INGLE** confessed to multiple crimes involving child pornography, including accessing Website A to view child pornography, downloading child pornography from the Internet and Website A, and collecting this child pornography at the SUBJECT PREMISES.

24. During a search of the SUBJECT PREMISES, the investigators recovered what appeared to be thousands of image and videos of child

pornography contained in a PNY flash drive. INGLE gave this flash drive to the investigators, after recovering it from his living room. He admitted that the drive belonged to him, that he loaded the child pornography files on it, and that they would be found there.

25.  **INGLE** was later shown portions of some of the child pornography files located in the SUBJECT PREMISES. He admitted that he recognized some of the child pornography and admitted having accessed this material with the intent to look at it. He admitted that he masturbated to the material.

26.  A forensic preview was conducted at the SUBJECT PREMISES by TFO Jeff Catt and other law enforcement officers. TFO Catt located approximately 11,312 images, most of which depicted child pornography, and approximately 1,118 videos, most of which depicted child pornography. These were found in the PNY 128 gigabyte flash drive, which was manufactured in New Jersey.

27.  The investigators also found a HP laptop computer used exclusively by **INGLE**. This computer was found to contain links to websites containing material consistent with child pornography.

28.   **Conclusion**:  Based upon the contents of this Affidavit, I respectfully request that the Court issue an arrest warrant and criminal complaint for these offenses.

_____
Task Force Officer Donald Whitehead
Federal Bureau of Investigation

Sworn to me this 14th day of January, 2016.

_____
Debra McVicker Lynch
United States Magistrate Judge